Case number 21-3749, District of Minnesota, Marcus Todd v. American Federation of State, County, and Municipal Employees. All right, Mr. Seaton, we'll hear from you first. Thank you, Chief Judge. Judge Loken, Judge Shepard. This case is a case of... Please adjust that microphone so you speak right in. Thank you. Will that do it? Good. This is a case where we represent Marcus Todd, who is a state employee in Minnesota. And the issue is, is his fee deduction on behalf of AFSCME, the defendant here, a violation of the First Amendment? Our position is that it is. And it is not quite as serious a case, you might say, as the one our predecessor case. But it's a serious constitutional violation in our view. What I would like to do is to talk to the court about some of the background in this case that, in our view, establishes the intertwining of AFSCME and the state. And in order to establish the state action, which I believe will be the main issue before the court. On page two of the appellee's brief, there is a reference to secret ballot elections. I'm having trouble hearing you. Raise the lectern or move the mic or something. On page two of the appellee's brief, there is a reference to secret ballot elections in connection with this bargaining unit. But the fact of the matter is, this unit has not had secret ballot elections in 50 years. In fact, what. . . Why does that matter? Well, it matters because it shows the intertwining of AFSCME and the state. I don't understand why. Well, because they have been for 50 years. But intertwining doesn't matter. Well, I would argue that it does, Your Honor. There's a legal test. We may differ. It doesn't use the word intertwining. Well, several of the cases do use words or words like that. Intertwining, interconnecting. What about a circuit case? Joint, joint action. The Lugar case, we would rely on, says things of this kind. And we submit that what has happened here is that the AFSCME and the state have been intertwined for more than 50 years. And, in effect, AFSCME runs the HR function of the state of Minnesota with very little input from the state. And that intertwining, in our view, means this is state action. When AFSCME, in our allegation, not proven yet, but that's our allegation that is to be taken as true before the court, they forged his signature. And by that signature, then had the state deduct money from his pay. Who forged? AFSCME. Right. The union. A private party. A private party which is intertwined with the state, which is in joint action with the state. How is this different from Hoekman? Well, because this forgery takes it outside of Hoekman or Brown, in our view, Your Honor. He's not a union member. He can't be said to be a union member on the strength of a forged application. But isn't the state performing the same function that they were in Hoekman? Yes, we would certainly agree that they are. They weren't involved in the alleged forgery. They were not involved in the forgery, but we submit the cases don't say that does not really matter. What matters is the private party taking advantage of its function, of its status or aegis, whatever you will, of state actor to take the money from our client, Marcus Todd. And that is what has happened here. And we think you cannot say that. Now, when you talk about that's what the case is saying, you're talking about post-Janus cases addressing this issue, or are you just talking about general law? Well, I'm talking about many of the cases that are in this circuit. I thought there's nothing except maybe Janus on remand that you could. Well, there's Janus on remand, but we don't have cases like forgeries except in the Ninth Circuit, and we would submit those cases are wrongly decided. We do have state action here. The fact that there is a forgery doesn't take it out of state action. It's the very same process under PELRA. It doesn't take it out, but the question is how do you get in in the first place? Because I thought the member in Hokeman was making a similar argument about intertwinement, and we decided that if the state is just, you know, carrying out this function of deducting, that it isn't, there isn't state action. Well, we submit, Your Honor, that there is. And in this case, with a forgery bringing about the deduction, the union speaks to the employer and says take the money out, the employer being the state, and they've been together for 50 years. They act in concert. It's a hand-in-glove situation, ask me, in the state of Minnesota. And in this case, they take the money out based on the forgery. We think the structure that has been organized here is such that the union simply tells the employer take the money, and the employer doesn't even have a question about that, never does, and now can't even legally have a question about the taking of the money. So it is state action. Now, wait, what was that, what's your support for that last? Well, the current state of the law cited in our brief is that the union does not even have to tell, give the employer necessarily the signed authorization any longer. Now, that's post our fact situation here. But what they did do in this instance is give them a forged application. And on the strength of that forged application, the state takes the money. And we submit that makes the private party, the tortfeasor here, the one who committed the felony, the fraud, is linked with the state and the state acts for them. They may be linked, but they're not, they're still independent. Well, we submit they really are. The link, the linkage is the relationship. It's not, the state is paying out based on the presentation by the union of evidence of union membership that the state accepts. And the state has. It doesn't monitor, it doesn't audit, it doesn't review, it doesn't sign off on it. No, they don't. They act simply as. They do what the state law requires them to do. They do what the union directs them to do, Your Honor, and that is what we think. No, that's what they do what state law directs them to do. Well, the state law directs them, you may say, to take the union's word on. This is Hokeman. Yeah, we said in Hokeman that's not enough, didn't we, to constitute state action if it's a valid dues card in that case. But it isn't. I know. I'm just trying to understand why that makes a difference if the state is, in either case, taking what the union gives it and carrying out the deduction. Well, we would submit that it must make a difference. Can you explain why? And the reason why is that if that isn't the case, then the union is simply able to take the money from any employee, irrespective of whether they've authorized that money to be taken or not. The union member has no remedy against the union for forgery other than by suing and claiming state action? No effective remedy. Well, come on. No effective remedy. Do they have a lawsuit under state law or not? Well, nominally they may, Your Honor, but they do. Can they go to a prosecuting attorney and say, I want that guy in jail? It won't happen, Judge. It won't happen. In our legal climate, I'm afraid it won't happen. We rely on the Federal courts in these settings. The prosecuting attorney may say, you know, you've got a problem here, but you're going to have to handle it with a civil lawsuit. Our argument is that... And then they bring a civil lawsuit, and we find out under state law whether this kind of, whether, A, was this a forgery, and, B, if it was, what remedies does the union member have? Now, after you've had, if you had had three or four cases like that that you could bring to us, then we would at least have, we would have a table set to consider your argument. Now it's just abstract and speculative, as far as I can see. But we submit that if you have the issue, and you do, you've addressed it many times, of whether there is a way to... We have the Janus issue, period. But, again, this is not a union member we're talking about. And we think that takes it outside... No, you say that. You say that. But it isn't. You haven't proved it. Well, a little bit. A state accepted it. We don't consider, we don't sit in supervision of the union membership rules unless you bring an LMRDA suit. And then now that's a different, now we're in a different legal framework. Your Honor, we submit that it must make a difference. That may be where the union member should be going. Well, and that may be, Your Honor. But we submit that it must make a difference when the employee has been alleged to have had a forgery of his signature. And we think it takes it outside the school. It must make a difference, but it doesn't, mustn't, the difference may not be in this context. But they've used the state process. This is why we submit that it means state action. A private party has misused the state process if your fact allegations are correct. Yes. And the world of Janus hasn't recognized that as an exception. Our view is that there ought to be a remedy for this. And we think that it must be in the federal courts. We do know that this is. I just told you how it could be. Yes. Yes, you did, Your Honor. I appreciate that. But what about that? Is there a cause of action under the LMRDA? LMRDA. Excuse me. Well, the union policing. The fair representation case is what they call it colloquially. Section 301, right? Yes. And there may be, but those cases are exceedingly difficult. And not only 301. Yes, the fair representation claim. That's right. And you'd have to prove that he's being badly represented. I had one as a law clerk over 50 years ago. That's a long time ago. That's when this organization was anointed to represent these poor employees, Your Honor. I guess I would make that aside as well. 50 years ago. They've got a longer appointment than you all have in your federal article 3 seats. And that's part of the problem here. We have a situation where that union. By the way, in my case, the Second Circuit refused to upset the union election. And the Supreme Court reversed it. And that was a good decision, as a matter of fact. Well, I should reserve some time. But I believe that the court should look hard at this forgery situation. It hasn't been addressed properly in the Ninth Circuit. And we're hopeful that the Eighth Circuit will address it and come to a different conclusion. We believe it's critical to have won the Janus decision or any compelled speech principle active in our circuit. And, of course, the court has looked at that in many other instances. I'll mention only the Telescope Media, Missouri Broadcasters, BWC, the Sixth Circuit in Merriweather, and the Northern District of Illinois, which I know one of you has long history in, the O'Brien case. Those cases all address the compelled speech situation outside the Janus context. And that means we think it should be applied here. And the fact that we have Hoekman and Brown doesn't necessarily, of course, mean there is no more compelled speech principle. There certainly is. And we hope the court will apply it here. Thank you. Very well. Thank you for your argument. Mr. Karabell, we'll hear from you. Thank you, Chief Judge Carlton, and may it please the Court. My name is Jacob Karabell, and I represent the defendant, Appelli, AFSCME Council 5. So as I understand it from my friend's argument, what's sort of really left of this case is the assertion that the alleged forgery of Mr. Todd's 2018 union membership card somehow makes this case different from. You're either talking too low or too fast because I'm not picking it up. I'm sorry. Is that better? No. Okay. My apology should have spoken. I was saying that I think what is left of this case is the claim that forgery makes this different from Hoekman and other similar cases. Hoekman is obviously the critical case in this circuit, and it simply does not. There's no material difference on the state action claim between this case and Hoekman, and in particular the claim of the plaintiff Pekarsky in Hoekman. I know there were a number of different plaintiffs in the Hoekman case that had somewhat different claims. Mr. Pekarsky was the one who tried to revoke his due seduction authorization, and the union told him he couldn't do that because he had emailed his request in, and the union said, no, you have to send us a wedding signature and denied the request. Plaintiff Pekarsky could then claim that, well, if every deduction after that violated my constitutional rights under Section 1983, this court said no, even assuming that the union was wrong to direct Mr. Pekarsky's employer to continue his dues deductions, even making that assumption. There's no state action because the critical decision to reject that request was made by union officials alone. That's on page 978 of the court's opinion, and here, just as with Plaintiff Pekarsky, the alleged forgery, and obviously we dispute and strongly dispute that there was a forgery, and we need to take that as true at the Rule 12 stage, which is where we are here, but the allegation is that the alleged forgery was done by the union, and then it was the union alone who relied on that forgery and told the state to continue Mr. Todd's dues deductions. And I think, if anything, this is even a more clear case for no state action than Hoekman, because I think it falls squarely within the misuse aspect of the Supreme Court's Lugar decision. In Lugar, there were two counts that the Supreme Court addressed. The first count was the challenge to the state prejudgment attachment procedure itself. The court held that that didn't satisfy the state policy requirement. It then turned to a different claim, which was that the plaintiff had misused the Virginia prejudgment attachment statute, which, of course, resulted in the plaintiff's property being sequestered, so same ultimate result. But the court said, no, for purposes of state action, that's a different scenario. The private party was not acting under color of state law, and thus the remedy is in state court. And the same is true here. If, in fact, there was an alleged forgery, the Minnesota courts, and there's a labor law agency in Minnesota already willing and able to adjudicate these claims, and the Minnesota Supreme Court held decades ago in the Beckman case that we cite in our brief that where union dues or fees are deducted improperly, that that violates Minnesota labor law, Section 6 of the labor law, and that the remedy would be a refund of all deducted dues with interest. A couple other quick points I wanted to make, Your Honors. One is in terms of the Janus case, Janus, as this court has already addressed in the Burns case, which I know was decided just last year, was a case about agency fees. It was not about union membership dues. And the critical state action difference in Janus is that there the plaintiff, Mr. Janus, was challenging a state statute on its face that required the deduction of agency fees. That statute clearly had a source in state authority. That's simply not the case here. There's no challenge to Minnesota's labor law or due seduction provisions as unconstitutional, and the plaintiff has acknowledged that. Finally, I did want to sort of respond to one thing in the briefs, which is that there's a systemic problem of forgeries throughout the country that need to be addressed, and that this court must do something about that. And that's simply not true. What we have are a few cases, this case and some cases on the West Coast, all filed by the same lawyers. How can we make a judgment about whether there's a systemic problem? I'm just saying the allegation was made against us. I'm sort of defending the honor of our client and unions here. There's allegations and denials, but there's no evidence here. And there's not a single case that we're aware of, federal, state, administrative agency, finding any forgery by a union of an authorization card pre-judice, post-judice. We're not aware of a single case, and I just wanted to make that clear. On record. Thank you, Chief Judge Carlton. So I think that was the points I wanted to emphasize today. I know we briefed these issues extensively, and they've been briefed in prior cases as well. If the Court has no further questions, we would ask that the Court affirm. Very well. Thank you for your argument. Thank you. Mr. Seaton, we'll hear a brief rebuttal. If you wish, you may. Thank you, Judge Carlton. I know this is a question of allegations and accusations and back and forth, but there have been plenty of forgeries. They go back to 2010 in Minnesota for other union bargaining units. And we do believe this is a problem that needs attention. We've said this before. We know the Court may not agree with us, but we hope you will in time, if not this time, agree that we need to address this problem. These are organizations that have been representing, quotes around representation, I would say, these public employees. Section 3 says we decide cases and controversies. And for an appellate court, if it's not in the record on appeal, we're just listening to opinion exchanges. We understand that. We try to be patient, but we can't do anything. We'd like to get a record, but we can't do it because we've been dismissed. So we hope the Court will find that we can go back to Court and prove these matters, because we think they deserve the Court's attention. We have only, we've alleged enough, we believe, for the Court to say there is enough here to go forward with a trial. And we would please ask you to do that so Marcus Todd can have his day in Court and we can begin the process of addressing what we think is a serious issue in our labor relations climate in the public sector. Understood. I'll leave it at that. Thank you for your argument. Thank you to both counsel. The case is submitted and the Court will file a decision in due course.